IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:03-00148 |
| ) | Chief Judge Haynes |
| v. ) | |
| ) | |
| FRONZELL L. BATTS, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the Court is the Defendant's amended petition for a reduced sentence under 18 U.S.C. § 3582(c)(2) citing the retroactive crack cocaine amendment (Docket Entry No. 114). In light of the amended petition, the pro se petition (Docket Entry No. 107) is **DENIED as moot**.

Pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, the Defendant seeks a reduced sentence given the Sentencing Guidelines amendments with a lower ratio in the calculation of crack cocaine sentences. The United States has not filed any opposition to this petition although such a response was directed. The Defendant's current sentence is 480 months for distribution of crack cocaine as an agreed sentence under Fed. R. Crim. P. 11(c)(1)(C). This agreed sentence was "based on" the guidelines calculation for the quantity of crack the Defendant possessed.

After enactment of the Fair Sentencing Act of 2010, the Sentencing Commission amended the Sentencing Guidelines to lower the ratio to be applied in crack cocaine cases and concomitantly reduced the sentencing range. This change is retroactive, effective November 1, 2011. Under 18 U.S.C. § 3582(c)(2), a district court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," such as the recent amendment to the crack cocaine

1

guideline.

In Freeman v. United States, 131 S. Ct. 2685 (2011), the Supreme Court extended this statute to a sentence pursuant to a Rule 11 (c)(1)(C) plea agreement. Prior to Freeman, the Court lacked authority to grant a sentence reduction under § 3582(c)(2). Under Freeman, where a plea agreement is "based on" the Sentencing Guidelines, "[a]s long as that sentencing range is evident from the agreement itself," the agreed sentence can be modified. Freeman, 131 S. Ct. at 2697-98.

Here, the parties' plea agreement expressly states that it is "based on" the guidelines and that the "guideline range" is "32[4] months to 405 months" and notes that "there is an upward departure to 480 months." (Docket Entry No. 107 Exhibit A, Plea Petition). The Court did not sentence the Defendant based on the career offender guideline and neither the plea petition nor the parties agreement reflects the career offender guideline. At the sentencing hearing, the Court referenced that the presentence report "determine[d] that he is a career offender," and that based upon his criminal history points the Defendant had a criminal history category VI "whether he was deemed to be a career offender or not." (Docket Entry No. 9, Sentencing Hearing Transcript at 66-67).

Where the "applicable guideline range" here is the "result of an amendment" and in such instances, the Court determines "the amended guideline range that would have been applicable to the defendant if the [crack amendment]... had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1). Based on 1.5 kilograms of crack cocaine, the revised quantity table at § 2D1.1(c) would reduce the base offense level to 34.

U.S.S.G. § 1B1.10 also directs the Court to "substitute only the [crack amendment]" and "leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). The only change to the base offense level is the 2-point adjustment for acceptance of responsibility to which the parties agreed in the plea agreement. Thus, the Defendant's adjusted offense level is 32 with a criminal

2

history category VI, yielding a guidelines range of 210 to 262 months. Yet, the parties agreed to a "an upward departure to 480 months." (Docket Entry No. 107, Exhibit A, Plea Petition at 2). Four hundred eighty months represents an 18% departure from the top of the applicable guideline range. U.S.S.G. § 1B1.10 does not require the Court to reapply that departure, but the Court may do so. See United States v. Hayman, 338 Fed. Appx. 872, 874-75 (11th Cir. 2009) (citations omitted) (noting that "a district court has the discretion to reapply . . . an upward departure," and upholding a district court's decision to reimpose a departure from the bottom of the defendant's amended range).

Given the parties' agreement for an 18% upward departure, the Court concludes than an appropriate sentence in this action is 248 months, that includes the 18% upward departure from the bottom of this amended guideline range. This sentence is above the mandatory minimum sentence of 240 months.

For the reasons stated herein, the Defendant's amended petition for sentence reduction is **GRANTED,** and the Defendant's sentence is reduced to 248 months.

It is so **ORDERED.**

ENTERED this the ___13th___ day of February, 2014.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court